IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ROBERT THENA** | **Case No. 2:12-cr-133-JDW** |

**MEMORANDUM**

When judges sentence defendants to terms of supervised release, the expectation is that the defendant will comply with those terms. Doing so is commendable (not everyone does, unfortunately), but it's not usually enough to justify an early termination of supervised release. Robert Thena's case is no exception. He has complied with the terms of supervised release that Judge DuBois imposed on him, and he has worked hard to reintegrate into society. But he has not shown the type of circumstances to justify an early termination of his supervised release.

I.   **BACKGROUND**

On May 15, 2012, Mr. Thena pled guilty to distribution of child pornography, 18 U.S.C. § 2252(a)(2), and possession of child pornography, 18 U.S.C. § 2252(a)(4). On September 12, 2012, Judge DuBois sentenced Mr. Thena to 72 months imprisonment followed by 10 years of supervised release. Mr. Thena commenced supervised release on December 1, 2017. Now, having served 7.5 years of his term of supervised release, he seeks early termination of his supervised release. He submits that he has complied with

all terms of his supervised release and has reintegrated into society with a steady job and a support system around him, rendering continued supervision unnecessary. The Government opposes his request.

## II.     LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release prior to its expiration. If "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 28 U.S.C. § 3583(e)(1). Before terminating a defendant's supervised release, a court must consider factors set forth in 18 U.S.C. § 3553, including:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (quotation omitted). After evaluating those factors, a court may terminate supervised release only if it is satisfied that "the defendant's conduct and the interest of justice" warrant an early termination. 18 U.S.C. § 3583(e)(1). The statute confers "broad discretion" on a court in making this determination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). And, while there need not be exceptional circumstances, the Third Circuit has emphasized that, in general, "early

termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it. That is because, if a sentence was 'sufficient, but not great than necessary' when first pronounced, 18 U.S.C. § 3553(a), [one] would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53 (citation and quotation marks omitted). The Circuit did, however, "disavow any suggestion that new or unforeseen circumstances must be shown." *Id.*

### III.   DISCUSSION

Upon consideration of the required factors under Section 3583(e), I conclude that Mr. Thena's conduct and the interest of justice do not warrant an early termination.[1]

*First*, the offense here—possession and distribution of child pornography—is one of the most troubling that comes before me. Those crimes often require longer periods of supervised release to ensure integration into society because the impulse that leads to the criminal activity is often personal, not financial. Congress has acknowledged as much

---

[1] The Government argues that I should not reach the factors under Section 3583(e) because Mr. Thena's plea agreement includes a waiver of his right to collaterally attack his sentence, and that waiver bars this Motion. However, as the Government points out, judges in this District have split on that argument. *Compare United States v. Mabry*, 528 F. Supp.3d 349 (E.D. Pa. 2021) *with United States v. Clark*, No. 06-cr-205-7 & 06-cr-207-5, 2021 WL 3737195 (E.D. Pa. Aug. 24, 2021). I don't have to resolve that issue because even if the waiver that Mr. Thena signed does not apply to this Motion, I conclude he cannot prevail on the merits.

by providing for longer periods of supervised release for those crimes that most other felonies.

*Second*, there's little need to deter Mr. Thena from criminal conduct, or provide him with educational or vocational training, medical care, or other correctional treatment. There is, however, some residual concern that someone with a prurient interest in child pornography will backslide, and the structure of supervised release provides Mr. Thena with some support against that happening. Maintaining the remaining term of supervised release therefore provides some protection to the public against future criminal conduct on Mr. Thena's part.

*Third*, nothing in the Sentencing Guidelines suggests that his term of supervised release is too long. Nor am I aware of any policy statements in the Guidelines that might encourage early termination of his term of supervised release.

*Fourth*, lengthy terms of supervised release are the norm in child pornography cases like this one. Therefore, there is no concern with a sentencing disparity from requiring Mr. Thena to serve his term of supervised release.

*Fifth*, and finally, Judge DuBois did not impose a restitution requirement on Mr. Thena, so that factor does not apply in this case.

Ultimately, I cannot say that early termination of supervised release is in the interest of justice. Mr. Thena has not demonstrated that the conditions of supervised release interfere with his life in a problematic way. He has complied with the requirements of his

supervised release and has exhibited good conduct, which includes obtaining gainful employment, participating in local theater, and maintaining personal relationships with family. The Government does not dispute any of that. And it's commendable. I credit Mr. Thena for making these apparent changes to his life. But the key here is that compliance with conditions of supervised release is a baseline expectation. Compliance is required, not exceptional. I recognize that Mr. Thena has made the most of his opportunities since his release from prison, but good behavior, without more, is insufficient to justify early termination. See United States v. Caruso, 241 F.Supp.2d 466, 469 (D.N.J. 2003).

Mr. Thena does not argue that continued supervision poses any new burden on him as he continues to reintegrate into society, nor does he present any unforeseen circumstances that show a particular need for early termination. Courts routinely decline to terminate supervised release in such circumstances. See, e.g., United States v. Martinez, Case No. 23-cr-201, 2024 WL 4242820 (E.D. Pa. Sept. 19, 2024); United States v. Cronin, Case No. 20-cr-370-01, 2024 WL 2817558 (E.D. Pa. June 3, 2024); United States v. Lui, No. 10-cr-437, 2021 WL 242476 at *4 (E.D. Pa. Jan. 22, 2021). Without any such showing, I find that the interests of justice weigh in favor of Mr. Thena completing his full term of supervised release.

### IV.   CONCLUSION

I commend Mr. Thena for the work he has done since his release to get his life back on track. The remainder of his term of supervised release will serve as a guardrail to ensure

he stays on his current course. I hope he does. But his compliance with the terms of his supervised release is not enough to persuade me to terminate his supervised release early. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

July 30, 2025